[Civ. No. 2248. First Appellate District.—October 24, 1917.]

## SILVIO DINI et al., Copartners, Appellants, v. R. R. BYRNES et al., Respondents.

INTOXICATING LIQUORS — DELIVERY IN NO-LICENSE TERRITORY — CONSTRUCTION OF LOCAL OPTION LAW.—Under the Wyllie local option law, a person conducting the business of selling alcoholic liquor in license territory who there receives an order for liquor from a person residing in no-license territory is not permitted to deliver such liquor to the purchaser at his place of residence, even though it is for the purpose of being served by the purchaser to guests at his own home, since the language of paragraph 7 of section 13 of the act refers not to the purpose of the original sale of the liquor, but to its ultimate distribution.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

C. H. McConaughy, and Preston & Preston, for Appellants.

Hale McCowen, Jr., for Respondents.

THE COURT.—The question presented upon this appeal is whether a person conducting the business of selling alcoholic liquor in licensed territory, who there receives an order for liquor from a person residing in no-license territory, may lawfully deliver such liquor to said purchaser at his place of residence.

Section 13 of the so-called Wyllie local option law (Stats. 1911, p. 599) forbids such a sale unless it comes within the exceptions contained in section 16 of the same act. That section reads: "Nothing in this act shall be interpreted as rendering it unlawful to keep alcoholic liquors for distribution, or to sell or distribute such liquors, in no-license territory in the manner and for the purposes in this section provided." Then follow seven paragraphs, each relating to a particular manner of or purpose in distributing alcoholic liquor; and of these it is admitted that none but the first and seventh can have any bearing upon the question involved, as it relates to this case.

The first of such paragraphs reads: "The serving of such liquors by any person at his own home to members of his family or to his guests, as an act of hospitality, when no money or thing of value is received in return therefor, and when said home is not a place of public resort."

The seventh of such paragraphs is as follows: "The keeping of alcoholic liquors on the premises where manufactured, receiving orders at said premises for such liquors, and the shipping of the same from such premises; provided said liquors are not distributed or delivered in no-license territory within the county in which such premises are located, in quantities of less than two gallons, and are not delivered to any person or place in such territory within said county except as follows: . . . (d) to any person at his or her permanent residence. . . . "

The attempted delivery of liquor in the present case was not made by its manufacturer, nor does it appear from the complaint to have been in a quantity of not less than two gallons, so it is apparent that this exception provided by the statute does not cover the case at bar.

This conclusion leaves for consideration the effect of the first paragraph. If the language of that provision is to be construed as meaning that alcoholic liquor may be sold and distributed in no-license territory for the purpose of being served by a resident thereof to his guests in his own home, then the question at issue in this case must be decided in the affirmative. Such a construction, however, would to a great extent nullify the purpose of the enactment, and, we think, should not be indulged if the language can be otherwise reasonably construed. We think it must be obvious that the language of this paragraph refers not to the purpose of the original sale of the liquor, but to the manner of its ultimate distribution—the language of section 16 above quoted being "sell *or* distribute such liquors, in no-license territory *in the manner* and for the purposes in this section provided."

This seems to be the view adopted by the court (third appellate district) in *Golden & Co.* v. *Justice's Court,* 23 Cal. App. 778, [140 Pac. 49], where the construction given here is very vigorously upheld. Upon the authority of that case the judgment herein is affirmed.